IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:17CR00293-BSM |
| | ) | |
| TROY R. LOADHOLT, ET AL | ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT MARCUS MILLSAP'S MOTION IN LIMINE TO EXCLUDE PHOTOGRAPH

The United States of America, by and through Cody Hiland, United States Attorney for the Eastern District of Arkansas, Liza Brown and Stephanie Mazzanti, Assistant United States Attorneys for said district, and Marianne Shelvey and Lakeita F. Rox-Love, Trial Attorneys for the Organized Crime and Gang Section of the United States Department of Justice, for its response in opposition to Defendant Marcus Millsap's Motion in Limine to Exclude Photograph states as follows:

On September 3, 2019, the defendant was charged by a Second Superseding Indictment with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), in violation of 18 U.S.C. § 1962(d), beginning in or around 2014; attempted violent crime in aid of racketeering, to wit, murder (VICAR), in violation of 18 U.S.C. § 1959(a)(5); and narcotics conspiracy, in violation of 21 U.S.C. §§ 841 and 846. (Doc. 1058). The indictment alleges that the defendant was a member and associate of the New Aryan Empire (NAE), an organization formed by inmates in the Pope County, Arkansas, jail in 1990 based on principles of white supremacy. *Id.* The areas of Russellville and Pope County in Arkansas were home to a high concentration of NAE members. *Id.* NAE recruited members from both inside and outside the prison system. *Id.* NAE used several indicia of membership, including the swastika, lightning bolts signifying the Nazi SS, the reichsadler, which was the formal symbol of the German Third Reich, and the "Heil Hitler"

1

salute. *Id.* The organization also associated with other white-supremacist groups, including the White Aryan Resistance (WAR). The indictment alleges that NAE is an "enterprise" under RICO, and that members of NAE, including the defendant, engaged in racketeering activities, which consisted of numerous criminal acts. *Id.*

The defendant has filed the instant motion in limine to bar the admission of a particular photograph at trial. The photograph, which was taken at the Pope County Detention Center in 2014,[1] during the conspiracy period alleged in the Second Superseding Indictment, depicts the defendant and several other men, including NAE and/or WAR members, performing the Heil Hitler salute. The defendant contends that the photograph is not relevant and, if it were, its probative value is outweighed by its prejudicial nature pursuant to Federal Rules of Evidence 401 and 403. The defendant also asserts that the photograph should be excluded pursuant to Federal Rule of Evidence 404(b)(1). For the reasons set forth below, the photograph is relevant, is intrinsic evidence of at least one element of two of the charged offenses, and its probative value is not substantially outweighed by the danger of unfair prejudice. It is also admissible for purposes other than proving the defendant's character.

As stated above, the defendant has been charged with the substantive VICAR offense of attempted murder in aid of racketeering. The existence of an enterprise and the defendant's purpose of gaining entrance to or maintaining or increasing position in the enterprise are two of the elements required to establish a substantive VICAR violation. *United States v. Crenshaw*, 359

---

[1] The photograph was included in an affidavit for a search warrant related to the murder of Bruce Hurley. The following description accompanied the photograph: "Agents obtained the following photograph taken in the Pope County Detention Center after Millsap was sentenced to prison in 2009." Millsap was incarcerated a number of times after 2009 in the Pope County Detention Center. The United States has obtained information from law enforcement in Pope County, Arkansas, that the photograph was taken in 2014.

F.3d 977, 991 (8th Cir. 2004); *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995); *United States v. Fowler,* 535 F.3d 408, 418 (6th Cir. 2008). The defendant is also charged with RICO Conspiracy, which also requires the United States to prove the existence of an enterprise as well as the defendant's association with that enterprise and agreement to participate in the affairs of that enterprise through a pattern of racketeering activity. *Darden*, 70 F.3d at 1518; *Salinas v. United States*, 522 U.S. 52, 62-66 (1997). As discussed below, the photograph the defendant seeks to exclude is therefore properly characterized as direct evidence of the charged enterprise (NAE) and the defendant's association with NAE, and is not subject to a Rule 404(b) analysis.

In this RICO and VICAR prosecution, the United States need not rely on Rule 404(b) to admit such association evidence, as evidence of uncharged acts is admissible as direct evidence of necessary, intrinsic components of the RICO and VICAR offenses. *See Fowler*, 535 F.3d at 422 (evidence of uncharged acts in RICO Conspiracy case appropriately not admitted under FRE 404(b) but properly admitted as evidence of guilt tending to show membership and participation in a criminal enterprise); *United States v. Mahdi*, 598 F.3d 883, 890-91 (D.C. Cir. 2010) (in RICO and VICAR prosecution, the government was not required to provide notice where the evidence was intrinsic and went to prove the existence of the enterprise and the defendant's role). Courts have routinely admitted evidence of other acts in RICO and VICAR cases to prove the existence, organization, and nature of a RICO and VICAR enterprise. *See United States v. Banks*, 514 F.3d 959, 977 (9th Cir. 2008) (finding no error in admission of "uncharged misconduct" because an element of VICAR is membership in a racketeering organization, and the evidence was directly relevant to an element); *United States v. Tse*, 375 F.3d 148, 155 (1st Cir. 2004); *United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000); *United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999); *United States v. Fairchild*, 122 F.3d 605, 611 (8th Cir. 1997). In RICO cases, "an act that is alleged

to have been done in furtherance of the alleged conspiracy…is not an 'other' act within the meaning of 404(b); rather, it is part of the very act charged." *Diaz*, 176 F.3d at 79 (quoting *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992)). When an indictment involves a RICO Conspiracy charge, "uncharged acts may be admissible as direct evidence of the conspiracy itself." *Id.* Furthermore, it is well within a trial court's discretion to admit evidence of prior or other acts for the jury to be informed of the background of the charged conspiracy or to aid in explaining the illegal relationship between the participants. *Id.* In fact, the government is "given considerable leeway" in offering evidence of prior or other acts for these purposes. *Mathis*, 216 F.3d at 26. If prior or other acts suggest criminal association between the conspirators, a trial court may admit evidence of the acts. *Tse*, 375 F.3d at 155. Additionally, such evidence may be admissible to rebut a claim that a defendant's association with the other conspirators was innocent in RICO Conspiracy and VICAR prosecutions. *Id.*; *Mahdi*, 598 F.3d at 891 (upholding admission of testimony to prove organizational control and counter the defense that there was no organized enterprise).

Rule 404(b) "is not implicated" when the prior acts are "part of a continuing pattern of illegal activity" or when they are "inextricably intertwined" with the indicted crime. *United States v. Rios*, 830 F.3d 403 (6th Cir. 2016); *see also United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000) (remanded for re-sentencing on other grounds) ("evidence that constitutes 'a continuing pattern of illegal activity'" is not considered an "other act," and, therefore, is not governed by Rule 404(b)) (quoting *United States v. Barnes*, 49 F. 3d 1144, 1149 (6th Cir. 1995)); *United States v. Dimora*, 843 F. Supp. 2d 799, 823, 854 (N.D. Ohio 2012) ("Intrinsic acts, or those 'inextricably intertwined' with the crime charged, . . . or 'part of a single criminal episode,' . . . are admissible and beyond the reach of Rule 404(b)") (citations omitted); *United States v. Soliman*, 813 F.2d 277,

279 (9th Cir. 1987) ("evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the [other] act and the evidence concerning the crime are inextricably intertwined'") (quoting *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979)).

Here, the photograph was taken during the charged period of the RICO Conspiracy and two years before the events that are the subject of the VICAR attempted murder count. However, even if it were considered unindicted conduct, it is relevant to prove, among other things, the charged enterprise and an association among defendants. *See United States v. Hewes*, 729 F.2d 1302, 1315 (11th Cir. 1984). Evidence of uncharged offenses has been determined to be admissible in RICO and VICAR prosecutions to show a defendant's association with and participation in an enterprise. *See*, *e.g.*, *United States v. Ligambi*, 890 F. Supp.2d 564 (E.D. Penn. 2012); *Banks*, 514 F.3d at 977. "[I]n conspiracy cases, the government is not limited in its proof to establishing the overt acts specified in the indictment." *United States v. Lewis*, 759 F.2d 1316, 1344 (8th Cir. 1985) (citing *United States v. Ruiz-Altschiller,* 694 F.2d 1104, 1109 (8th Cir.1982); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014) (quoting *United States v. Krout,* 66 F.3d 1420, 1425 (5th Cir. 1995) ("the 'government is not limited in its proof of a conspiracy or racketeering enterprise to the overt or racketeering acts alleged in the indictment.'")).

In *United States v. Henley*, 766 F.3d 893, 914 (8th Cir. 2014), the Eighth Circuit admitted evidence of the murder of an off duty corrections officer, although the murder was not listed as an overt act in the RICO Conspiracy count. The Court determined that admission of the evidence was not an abuse of discretion because it was "relevant to establish both the continuity of the conspiracy and the common purpose underlying" the acts, and was not unfairly prejudicial. *Id*. at 914-15. The Court noted that "[i]n a similar challenge in the Eleventh Circuit, that court concluded that evidence of uncharged crimes was admissible in a RICO prosecution as 'proof of an enterprise,

5

of the continuity of racketeering activity, and of the defendant's knowledge of, agreement to, and participation in the conspiracy.'" *Id.* (citing *United States v. Gonzalez,* 921 F.2d 1530, 1546–47 (11th Cir. 1991); *United States v. Baez,* 349 F.3d 90, 93 (2d Cir. 2003)).

In addition, "[g]ang-affiliation evidence may be highly probative of an individual's membership in a particular gang, so it 'has been held admissible, in cases where the interrelationship between people is a central issue.'" *United States v. Rios*, 830 F.3d 403, 421 (6th Cir. 2016) (quoting *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999)). This is recognized by the defendant, as he concedes that the United States may submit evidence of the defendant's gang affiliation if relevant to a disputed issue. The defendant's association with NAE is likely to be a disputed issue in this case.

As conceded by the defendant, "[t]he government may elicit testimony about the defendant's social or gang association if it is relevant to a disputed issue in the case." Def. Mot. at ¶ 10 (citing *United States v. Lemon*, 239 F.3d 968, 971 (8th Cir. 2001)). The defendant argues, however, that the evidence here is not admissible because it is "offered solely to prejudice the defendant or to make a propensity argument, such as by linking him to 'unsavory characters.'" *United States v. McKay*, 431 F.3d 1085, 1093 (8th Cir. 2005).  However, as set forth herein, the United States does not offer the evidence to prejudice the defendant or make a propensity argument; the United States seeks to offer the evidence in support of at least one essential element of the charged crimes.

As alleged in the Second Superseding Indictment, NAE was founded by an inmate at the Pope County Detention Center, where this photograph was taken, and Russellville and Pope County have a high concentration of NAE members.  Also as alleged in the Second Superseding Indictment, in 2014, the defendant sold methamphetamine to Bruce Wayne Hurley, an NAE

associate, during a controlled buy. Unbeknownst to the defendant, Hurley was acting as a confidential informant, and when the defendant learned this, he subsequently offered NAE associates and members money to kill Hurley. The defendant's relationship with NAE and WAR associates is thus relevant, and the photograph at issue depicts some of those relationships as well as indicia of the existence of the charged enterprise.

The United States has identified the individuals in the photograph with the defendant. All of the participants in the photograph are performing the "Heil Hitler" salute, which is a recognized symbol of white-supremacist groups, including NAE and its affiliate organization, WAR, as alleged in the Second Superseding Indictment. Most of these individuals have connections with co-defendants in this case or are members of NAE or related white-supremacist groups, such as WAR, that make their presence in the photograph with the defendant probative of the defendant's association with NAE.

For example, J.M.[2] is a self-admitted white supremacist per Arkansas Department of Correction Records. *See* Government's Exhibit 1. Facebook posts depict J.M. in a photograph displaying the numbers 2, 3, 4, as well as participating in posts stating, "2 3 4 to the dirt" and "234 always brother" to another NAE member. *See* Government's Exhibit 2. As alleged in the Second Superseding Indictment, NAE uses the numeric representations "234" and "II III IV" to represent its slogan, "To the Dirt." R.M. is a self-admitted member of WAR with explicit WAR tattoos. *See* Government's Exhibit 3. J.J. has been identified as an affiliate of WAR. *See* Government's Exhibit 4. C.B. is believed to be a member or associate of NAE. C.B. sent a message to the founder of NAE wishing him a happy birthday and was in communication with Shannon Ferguson

---

[2] The United States can more specifically identify these individuals to the Court if necessary to the Court's determination. However, because they are not charged in this indictment, the United States identified the individuals by their initials.

and Wesley Gullet, codefendants in this case. *See* Government's Exhibit 5.  M.N. has white supremacist affiliations and is a known associate of Shannon Ferguson. *See* Government's Exhibit 6.  K.B. has white supremacist affiliations and is a known associate of Paula Enos, who is a codefendant in this case. *See* Government's Exhibit 7.

Based on the known associations of the individuals who appear in the photograph with the defendant, as well as the individuals flashing a known symbol of NAE and other white supremacist groups, the "Heil Hitler" salute, the photograph, which was taken at the site of NAE's formation, is probative of the existence of the charged enterprise and defendant's association with that group. *See United States v. Pierce*, 785 F.3d 832, 841 (2d Cir. 2015) (rejecting First Amendment challenge to admission of rap video and tattoo images  because the speech was not "itself the proscribed conduct[;]" rather, "it was used to establish the existence of, and [the defendant's] participation in, the alleged RICO enterprise").  It is thus highly relevant to the charged offenses.

The relevance of the photograph is not solely determinative of its admissibility, however, as relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. However, "[e]xclusion under Fed. R. Evid. 403 is an extraordinary remedy and should be used sparingly." *Westcott v. Crinklaw*, 68 F.3d 1073 (8th Cir. 1995) (quoting *Hogan v. American Tel. & Tel. Co.*, 812 F.2d 409, 411 n.2 (8th Cir. 1987) (per curiam)).

Here, the probative value of the photograph outweighs any potential prejudice. The defendant asserts that the photograph would "make the jury angry with [him] for a possible political symbol used while [he] was incarcerated."  Def. Mot. at ¶ 9.  In order to prove its case, the United States will be required to put forth evidence establishing the existence of the charged

enterprise, an organization alleged in the indictment to have been founded on white supremacist ideology, and link the defendant to this white supremacist organization.  To do so, the United States will be introducing evidence that NAE used several indicia of membership, including the swastika, lightning bolts signifying the Nazi SS, the reichsadler, which was the formal symbol of the German Third Reich, and the "Heil Hitler" salute, as alleged in the indictment. In light of this, the probative value of the photograph outweighs any prejudice that might result from evidence of the defendant's association with a group that espouses an ideology that might be offensive to members of the jury. The photograph would not be used in an effort to paint the defendant as a white supremacist or to demonstrate that the defendant associates with "unsavory characters," as the defendant alleges in his motion. Instead, it would be used as direct evidence of the existence of the charged enterprise (NAE) and the defendant's association with NAE. As such, the photograph is admissible under Rule 403.

      **Wherefore**, the United States respectfully requests that the defendant's motion in limine to exclude photograph be denied.

        Respectfully submitted,

        CODY HILAND
        United States Attorney for the
        Eastern District of Arkansas

By:    LIZA JANE BROWN
        AR Bar Number 2004183
        STEPHANIE MAZZANTI
        AR Bar Number 2006298
        Assistant U.S. Attorneys
        P.O. Box 1229
        Little Rock, AR 72203
        (501) 340-2600
        Liza.Brown@usdoj.gov
        Stephanie.Mazzanti@usdoj.gov


        DAVID L. JAFFE
        Chief, Organized Crime and Gang Section
        U.S. Department of Justice

        By:    MARIANNE SHELVEY
        MA Bar No. 642427
        LAKEITA F. ROX-LOVE
        MS Bar No. 103871
        Trial Attorneys
        Organized Crime and Gang Section
        Criminal Division
        U.S. Department of Justice
        1301 New York Avenue, NW Suite 700
        Washington, D.C. 20005
        Phone: (202) 549-4051
        Marianne.Shelvey@usdoj.gov
        Lakeita.Rox-Love@usdoj.gov