UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:17CR00293-BSM |
| | ) | |
| MARCUS O. MILLSAP and | ) | |
| CHRISTOPHER BUBER | ) | |

## UNITED STATES' MOTION TO DISCLOSE POTENTIAL *GIGLIO* INFORMATION FROM CO-DEFENDANTS' PRESENTENCE INVESTIGATION REPORTS AND FOR IN CAMERA REVIEW

The United States of America, by and through its attorney, Jonathan D. Ross, Acting United States Attorney for the Eastern District of Arkansas, Liza Brown and Stephanie Mazzanti, Assistant United States Attorneys for said district, respectfully requests permission to disclose potential *Giglio* information from co-defendants' presentence investigation reports (PSRs) and for in camera review by the Court.

The United States requests permission to disclose potential *Giglio* information from potential cooperating defendants' presentence investigation reports (PSRs) and requests that the Court review the PSRs to confirm all disclosable information remains unredacted pursuant to *Giglio*.  As discussed at the conflicts hearing regarding defendant Millsap, both defendants Millsap and Buber have requested such disclosure from the United States.  However, due to the confidential nature of PSRs and as outlined below, the United States requires the Court's permission to make such disclosures. If acceptable to the Court, the parties agree that the United States will provide redacted PSRs to the Court for comparison with the unredacted PSRs of potential cooperating defendants for *in camera* review and confirmation that disclosable information is provided.

1

"Generally, a defendant is not entitled to production of PSRs of government witnesses." *United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016) (rejecting *Brady* violation claim where district court reviewed cooperating witnesses' PSRs and denied access because they contained no exculpatory information) (citing *United States v. Alvarez*, 358 F.3d 1194, 1209 (9th Cir. 2004); *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir. 1985)). "PSRs are confidential reports created by an arm of the court and designed for use by a judge in reaching a fair sentence." *Id*. (citing *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir. 1976)). "A court may, in its discretion, make an *in camera* inspection of a PSR if a defendant alleges that the PSR contains material to which he would be entitled under *Brady*." *Id*. at 940-41 (citing *United States v. Burke*, 425 F.3d 400, 413–14 (7th Cir. 2005); *United States v. Garcia*, 562 F.3d 947, 953 (8th Cir. 2009) (holding that a court abuses its discretion by failing to conduct an *in camera* review of a government witness's PSR when "the defendant has sought access to a coconspirator's PSR, [and] the government has recognized the possibility that the PSR contains *Brady/Giglio* information")). "However, PSRs 'are not public and should not be disclosed to third persons absent a demonstration that disclosure is required to meet the ends of justice.'" *Id*. at 941 (quoting *McKnight*, 771 F.2d at 390) (citing *United States v. Shyres*, 898 F.2d 647, 656 (8th Cir. 1990) (upholding the district court's decision denying disclosure of a witness's PSR where the defendant presented no compelling or substantial need for it)). *See also United States v. Shafer,* 608 F.3d 1056 (8th Cir. 2010) (rejecting *Brady* claim that lower court erred in not disclosing contents of witness's PSR where trial court followed correct procedure to examine PSRs *in camera* and "did not fail to turn over any exculpatory evidence or impeachment material and thus did not abuse his discretion").

In *United States v. Miller,* 698 F.3d 699 (8th Cir. 2012), the Eighth Circuit rejected a

claim that the district judge abused its discretion by not conducting *in camera* inspection of a witness's presentence investigation report (PSR) where neither party requested such in camera review. The Court recognized that it has "held that a district court should conduct an *in camera* review of a PSR if 'the government has recognized the possibility that the PSR contains *Brady*/ *Giglio* . . . information and requested *in camera* review.'" *Id*. (quoting *United States v. Huggans*, 650 F.3d 1210, 1226 (8th Cir. 2011)).

Here, the information the United States anticipates disclosing from the PSRs includes the criminal history of any cooperating defendant, as at times criminal history reports do not capture all prior convictions set forth in the PSR, nor do they provide detailed information regarding the conviction; violations of pretrial supervision to the extent it could be categorized as potential *Giglio*; drug and alcohol abuse, medications, or mental health issues to the extent they could be categorized as potential *Giglio*; and any listed benefit to the defendant by the plea agreement set forth in the PSR. If defense counsel has specific requests for additional information from the PSRs, the United States will consider those requests and evaluate whether such information constitutes potential *Giglio*. Due to the sensitive nature of the reports, the United States intends to redact the remaining information in the PSR and keep such documents at the United States' Attorney's Office for review with the criminal history reports.

Respectfully submitted,

JONATHAN D. ROSS
Acting United States Attorney for the
Eastern District of Arkansas

By:     LIZA JANE BROWN
        AR Bar Number 2004183
        STEPHANIE MAZZANTI
        AR Bar Number 2006298
        Assistant U.S. Attorneys
        P.O. Box 1229
        Little Rock, AR 72203
        (501) 340-2600
        Liza.Brown@usdoj.gov
        Stephanie.Mazzanti@usdoj.gov