IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 4:17CR00293 BSM |
| ) | |
| MARCUS O. MILLSAP and ) | |
| CHRISTOPHER BUBER ) | |

**JOINT PROPOSED TRIAL PLAN**

The United States of America, by and through Jonathan D. Ross, Acting United States Attorney for the Eastern District of Arkansas, Liza Brown and Stephanie Mazzanti, Assistant United States Attorneys for said district, and defendants Marcus O. Millsap and Christopher Buber, represented by counsel, submits a joint proposed trial plan in response to the Court's Order.

**Trial Length**

The United States anticipates calling approximately 50 witnesses, approximately 19 of whom are in custody.[1] Assuming cross-examination of each witness by both defense counsel, the United States estimates that its case-in-chief will take approximately 4 weeks.

Counsel for Millsap has advised that they anticipate Millsap's presentation of evidence to take approximately 3 weeks. Counsel for Buber advises that she anticipates Buber's presentation of evidence to take approximately 1 ½ to 2 weeks.

Upon completion of voir dire and opening statements, the parties propose that counsel appear at 8:30 a.m. each morning, and that the jury be seated by 9 a.m. to begin witnesses for the

---

[1] Counsel for the United States proposed several stipulations in an attempt to reduce the number of witnesses. However, counsel for Buber advised that such stipulations would not be entered into by her client. Counsel for Millsap advised they would provide their position regarding stipulations this week.

1

day.  The parties propose concluding for the day at 3:00 p.m., which will allow the parties to address any anticipated issues for the following day with the Court after the jury departs and disclose anticipated witnesses for the following day, and the United States' Marshals Service to transport witnesses and the defendants, while allowing some time for the defendants to meet with their counsel.  Additionally, the Court could conduct hearings in other matters as necessary. The parties request, in light of the proposal for a shorter day, that breaks throughout the day be shortened accordingly.

The United States notes that, increasingly, quarantining of individuals due to exposure to COVID in detention facilities has caused issues with access to defendants and witnesses. Admittedly, this is beyond anyone's control, and the United States will do its best to adjust the order of witnesses to account for such issues without undue delay during trial. However, the United States acknowledges that extended recesses during trial may have to occur if there are issues regarding COVID exposure or positive tests by Court personnel, the parties, and witnesses.

**Jury Questionnaire and Voir Dire**

Counsel for defendants Millsap and Buber request that a jury questionnaire be submitted to the panel for completion. The United States notes that there were some items in the submitted proposed jury questionnaire that were not agreed upon; thus, it appears a conference regarding the questionnaire may be needed.

Counsel for Millsap and Buber request that jurors remove their masks during voir dire. While the United States has no objection to asking jurors to remove their masks if they are comfortable doing so while they are speaking, as hopefully jurors can be adequately spaced during voir dire, the United States notes that Court Administrative Order Sixteen requires marks be worn in all public areas of the Courthouse regardless of vaccination status. However, the Order also

provides the presiding Judge with discretion to alter the general masking rules in the courtroom. The parties request that, to the extent possible, jurors be separated by six feet. In light of potential COVID issues that may arise, the parties request 3 to 4 alternates.

**Conflict Issue Hearing**

The parties request that the Court conduct a hearing to conclude making a record regarding the conflict issue regarding one attorney for Millsap, as counsel has been retained for the potential witness.

**Witnesses**

Counsel for Millsap and Buber request that the Court require witnesses to remove their masks while they are testifying. The United States has no objection to asking witnesses if they are willing to remove their masks during their testimony, as witnesses should have adequate personal space in the Courtroom.

**Multiple Trials**

The parties understand that multiple multi-week trials are scheduled to begin on September 7, 2021. Administrative Order Sixteen notes that start dates for trials will be staggered. Thus, the parties request confirmation that this trial will commence on September 7, 2021, for trial planning purposes.

The United States provided a copy of this joint proposed trial plan for final review prior to filing to counsel for defendants, who have authorized the undersigned to file on behalf of all parties.

        Respectfully submitted,

        JONATHAN D. ROSS
        Acting United States Attorney for the
        Eastern District of Arkansas


By:    LIZA JANE BROWN
        AR Bar Number 2004183
        STEPHANIE MAZZANTI
        AR Bar Number 2006298
        Assistant U.S. Attorneys
        P.O. Box 1229
        Little Rock, AR 72203
        (501) 340-2600
        Liza.Brown@usdoj.gov
        Stephanie.Mazzanti@usdoj.gov