IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

Vs.                                  Case No. 4:17-cr-00293-BSM
.
MARCUS O. MILLSAP                                                              DEFENDANTS

## DEFENDANT MILLSAP'S MOTION TO PRODUCE STATEMENTS

Comes now Defendant Marcus Millsap, by and through his undersigned counsel, and for his Motion states:

1. Defendant Marcus O. Millsap moves for disclosure of statements by the Government's witnesses pursuant to the Jencks Act, 18 U.S.C. § 3500, including without limitation transcripts of recorded interviews in the Government's possession.

2. "After a witness called by the United States has testified on direct examination, **the court shall**, on motion of the defendant, **order the United States to produce any statement** (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b)(Emphasis Supplied).

3. "The term 'statement' . . . in relation to any witness called by the United States, means . . . a stenographic, mechanical, electrical, or other recording, **or a transcription thereof**, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e)(2)(Emphasis Supplied).

4. Nothing in Jencks Act or its legislative history excepts from production otherwise producible statements on ground that they constitute "work-product" of government lawyers, and

-1-

the work-product doctrine does not bar production of writings otherwise producible under the Act. *See Goldberg v. United States*, 425 U.S. 94, 101-102, 96 S. Ct. 1338, 1343-1344 (1976).

5. During trial on September 13, 2021, defense counsel learned that the Government possesses transcripts of recorded pretrial interviews of Government witnesses. Said transcripts were not produced to the Defendant on August 16, 2021, with other *Jencks* material. These interview transcripts are derived from audio and video recordings, which are substantially verbatim recitals of oral statements made by Government witnesses. Consequently, these transcripts are "statements" as defined by 18 U.S.C. § 3500(e)(2) and are subject to production under the Jencks Act.

6. When defense counsel first requested that the Government produce the transcripts, the Government refused based on the work product doctrine. First, Defendant disagrees that the subject transcripts are attorney work product; these aren't attorney notes or memoranda or anything else that contains the mental impressions of counsel. We're talking about transcripts of recorded conversations.

7. Even assuming, arguendo, that one could consider the transcriptions of recorded statements to be attorney work product, applying the rule in *Goldberg*, they would not be shielded from the disclosure requirements of the Jencks Act by the work product doctrine. Moreover, the Jencks Act does not confer upon the Government the discretion to choose to produce statements in one format (i.e., A/V recording) instead of another (i.e., transcription). Under the Jencks Act, both recordings and transcripts constitute "statements." The Act mandates the production of any and all "statements" by the Government's witnesses in its possession in order to facilitate cross-examination.

8. Pursuant to 18 U.S.C. § 3500(b), Defendant hereby moves the Court to order the United States to produce any statements of the following witnesses in its possession, including without limitation any transcripts of their recorded interviews:

- Jeffrey Knox
- Brittany Ferguson a/k/a Brittany Gideon
- Sunny Jo Spicer
- Kelley Duncan
- Shannon Boyer
- Dustin Hurst
- Joe Morris

9. To the extent that responsive statements have already been produced in pre-trial disclosures, Defendant respectfully requests that the Court order the Government to identify them by control number or another unique identifier.

WHEREFORE, Defendant Marcus O. Millsap prays that his Motion be granted in all respects, and for all other relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

Lee D. Curry, ABN 2014153  
Gibson & Keith, PLLC  
119 South Main Street  
Post Office Drawer 447  
Monticello, AR 71657  
Phone: 870-367-2438  
Fax: 870-367-8306  
ldc@gibsonandkeith.com  

Lloyd W. "Tre" Kitchens, ABN 99075  
The Brad Hendricks Law Firm  
500C Pleasant Valley Drive  
Little Rock, AR 72227  
Phone: 501-221-0444  
Fax: 501-661-0196  
tkitchens@bradhendricks.com