IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF(S)

V.                       CASE NO. 4:17-cr-00293-BSM

MARCUS O. MILLSAP                                           DEFENDANT(S)

**RESPONSE TO UNITED STATES' MOTION FOR ORDER FOR ISSUANCE OF SUBPOENA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)**

Comes now the Defendant, Marcus O. Millsap, by and through his attorneys, Lassiter & Cassinelli, and for his Response to the Government's Motion for Order for Issuance of Subpoena Pursuant to Federal Rule of Criminal Procedure 17(c), states as follows:

1.       The Government requests that this Court issue an Order directing the Clerk's office to issue a subpoena to Sharon Carr for any and all records, information, and correspondence, including text messages and emails, identifying any asset of Marcus O. Millsap, including any assets held in trust for the benefit of Marcus O. Millsap, his spouse Kristin Millsap, his dependents, or his children, and any asset with a value in excess of $1,000 transferred from Marcus O. Millsap to any other individual, trust, or company since February 5, 2019.

2.       The subpoena sought by the Government's Motion is invalid to the extent that it seeks to compel the production of confidential communications protected by the attorney-client privilege.

3. Sharon Carr is Defendant's attorney-in-fact. Attached hereto and incorporated herein as Exhibit 1 is a General Power of Attorney executed by Defendant in favor of Ms. Carr on September 22, 2010.

4. "[A]ttorney-client privilege extends to the necessary intermediaries and agents through whom the communications are made." *United States v. Salamanca*, 244 F. Supp. 2d 1023, 1025-26 (D.S.D. 2003). "Disclosure to a party who is necessary for the transmission of the attorney-client communication or those to whom disclosure furthers the rendition of legal services does not destroy or waive the attorney-client privilege." *In re Royce Homes, LP*, 449 B.R. 709, 742 (Bankr. S.D. Tex. 2011) (citing 3 WEINSTEIN'S FEDERAL EVIDENCE § 503.15[1] (2010)). *See also* Restat 3d of the Law Governing Lawyers, § 70 cmt. f ("A person is a confidential agent for communication if the person's participation is reasonably necessary to facilitate the client's communication with a lawyer or another privileged person and if the client reasonably believes that the person will hold the communication in confidence.").

5. This concept is similarly embodied by Ark. R. Evid. 502(b), which states that "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) **between** himself or **his representative and his lawyer or his lawyer's representative,** (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or **between the client and a representative of the client**, or (5) among lawyers and their representatives representing the same client." (Emphasis Supplied).

6.	The breadth of the Government's proposed subpoena intrudes upon confidential communications between Defendant and his agent, and between Defendant's agent and his attorneys, that were necessary and could not have been made by the client alone. Consequently, the Government's Motion should be denied and its proposed subpoena quashed, or alternatively, the scope of its proposed subpoena should be modified to exclude confidential communications protected by the attorney-client privilege. In such event, the Court should conduct *in camera* review of potentially privileged documents.

7.	Defendant further objects to the proposed subpoena on the grounds that it does not include the referenced attachment. *See* Doc. # 2575-1.

WHEREFORE, Defendant Marcus O. Millsap respectfully requests that the Government's Motion for Order for Issuance of Subpoena Pursuant to Federal Rule of Criminal Procedure 17(c) be denied, and for all other proper relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

Lee Curry				Ark. Bar No. 2014153
LASSITER & CASSINELLI
Attorneys for Defendant
300 S Spring St Ste 800
Little Rock, AR 72201-2424
Phone: 501-370-9300
Fax:    501-370-9306
lee@lcarklaw.com