### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          CASE NO. 4:17-CR-00293-BSM-45

MARCUS O. MILLSAP
Reg. No. 32531-009                                                   DEFENDANT

### ORDER

Marcus Millsap's motion to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255 [Doc. No. 2972] is denied.

### I. BACKGROUND

Marcus Millsap was sentenced to life imprisonment after a jury found him guilty of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, aiding and abetting attempted murder in aid of racketeering, and conspiracy to distribute and possess with intent to distribute methamphetamine. Doc. Nos. 2769 and 2772. The Eighth Circuit affirmed. Doc. No. 2879. Millsap moves to vacate his sentence under 28 U.S.C. section 2255, claiming his lawyers' performance was ineffective for (1) failing to adequately explain the fundamental nature of one of his charges; (2) providing incorrect legal advice regarding the Interstate Agreement on Detainers Act (IADA); (3) not providing a realistic assessment of the evidence and the likelihood he would be convicted; and (4) failing to properly explain or make recommendations regarding a Rule 11(c)(1)(C) agreement offered by the prosecution.

## II. LEGAL STANDARD

A prisoner in custody for a federal sentence may petition the sentencing court to vacate his sentence if: (1) the sentence was imposed in violation of the laws of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief is reserved for "a narrow range of injuries [which] if uncorrected, would result in a complete miscarriage of justice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Ineffective assistance of counsel claims are governed by the performance and prejudice standards articulated by *Strickland v. Washington*, 466 U.S. 668 (1984). *See Caban v. United States*, 281 F.3d 778, 781 (8th Cir. 2022). To succeed on an ineffective assistance of counsel claim, a petitioner must show that his lawyer's representation was deficient and such deficiency prejudiced his case. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). An ineffective assistance of counsel claim is very difficult to prove. *Id.*

## III. DISCUSSION

To prevail on his ineffective assistance of counsel claim, Millsap must show (1) he would have pleaded guilty but for his lawyers' deficient performance and (2) there is a reasonable probability he would have received a less stringent sentence if he had accepted the plea deal. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

First, Millsap's argument that his lawyers were ineffective for not explaining that he was charged with aiding and abetting attempted murder in aid of racketeering is not

2

convincing.  Millsap testified that he had discussed the case thoroughly with his lawyers, reviewed all relevant documents, and did not want to plead guilty.  *See* Doc. No. 2790 at 1–6. At sentencing, he stated he was satisfied with his representation and understood the nature of his charges.  *See* Doc. No. 2789 at 15–16.  There is simply no evidence indicating Millsap misunderstood his charges or would have acknowledged his guilt if his lawyers had done a better job.  His argument that his lawyers failed to provide a realistic assessment of the evidence and its admissibility, and the likelihood that he would be convicted at trial is rejected for the same reasons.

Second, Millsap's argument that his lawyers were ineffective for providing incorrect legal advice regarding the IADA fails because he was on notice long before trial that the Act did not apply to his case.  *See* Doc. No. 1448 (denying Millsap's motion to dismiss the indictment for IADA violations well over a year before his trial began).  He therefore fails to show the incorrect advice and his rejections of the government's plea offers were connected.

Third, Millsap's argument that his lawyers were ineffective for failing to properly explain or make recommendations regarding the government's Rule 11(c)(1)(C) offer is rejected because Millsap testified that he had discussed this offer with his lawyers and was making a free and informed decision to proceed to trial.  *See* Doc. No. 2790, at 4–6.

## IV.  CONCLUSION

For these reasons, Millsap's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied.  There is no need to conduct an evidentiary

hearing because the record conclusively shows Millsap is not entitled to relief. *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted). Further, no certificate of appealability is issued because he has not made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 13th day of March, 2026.

UNITED STATES DISTRICT JUDGE