TRULINCS  32531009 - MILLSAP, MARCUS O - Unit: COP-A-A

--------------------------------------------------------------------------------

FROM: 32531009

TO:

SUBJECT: AMENDED Rule 60 (b)(6) motion

DATE: 05/15/2026 08:22:38 AM

9589 0710 5270 2544 4114 31

2026 MAY 28  A 10: 03

United States District Court For The

Eastern District of Arkansas

Central Division

Case no. 4:17-cr-00293-BSM-45
Case no. 4:26-cv-00195-BSM

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 8 2026

TAMMY H. DOWNS, CLERK

By:_____
                    DEP CLERK

Marcus O. Millsap,

 Movant,

v.

United States of America,

 Respondent.

_____/

## AMENDED MOTION FOR GRANT OF RELIEF FROM JUDGMENT ORDER DENYING

## HIS 2255 MOTION DUE TO DISTRICT COURT'S FAILURE

## TO PROVIDE PROCEDURALLY REQUIRED CASTRO WARNING.

## PURSUANT TO FED. R. CIV. P. RULE 60 (b)(6).

Comes now, Marcus Millsap, Pro se litigant, pursuant to the above captioned, and moves this hon. district court to vacate denial ORDER of his 2255 motion due to this court's failure to provide procedurally required Castro Warning.

### BACKGROUND

1. On February 23, 2026, movant filed his initial 2255 motion to vacate, set aside or correct sentence.

2. On March 13, 2026, this court denied movant's motion the merits.

### STANDARD OF LEGAL REVIEW

Fed. R. Civ. P. Rule 60(b)(6) allows a party seeking relief from a final judgment, and request reopen of his case, "in limited circumstances. Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480(2005). The Rule enumerates five specific instances in which relief may be warranted, followed by a catchall covering"any other reason that justifies relief."

Fed. R. Civ. P. Rule 60(b). Relief under the catchall provision may be granted in "extraordinary circumstances, for purposes

TRULINCS  32531009 - MILLSAP, MARCUS O - Unit: COP-A-A

-----------------------------------------------------------------------------------------------------

of Rule 60(b)(6), "will rarely occur in the habeas context"-but they are not unheard of. Buck v. Davis, 580 U.S. 200, 112-113, 137 S.Ct. 759, 197 L.Ed.2d 1(2017)(quoting Gonzalez, 545 U.S. at 535). Courts considering whether extraordinary circumstances exist "may consider a wide range of factors, "including "the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process." Id. at 123(quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855(1988)). The Rule creates "an equitable remedy to be decided as a 'case by case inquiry' that 'intensively balances numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts. "Mitchell v. Genovese, 97 F.3d 638, 643(6th Cir. 2020)(clean up)(quoting Miller v. Mays, 879 F.3d 691, 698(6th Cir. 2018)). These factors have merited relief in the post-conviction posture when constitutional infirmities in criminal proceedings were so extraordinary that they "poison[ed] public confidence' in the judicial process. "Buck, 580 U.S. at 124(quoting Davis v. Ayala, 576 U.S. 257, 285, 135 S.Ct. 2187, 192 L.Ed.2d 323(2015)), or produce a judicial travesty," Mitchell, 974 F.3d at 651. Raymond v. United States, 933 F. 3d 988(8th Cr. 2019).

In movant's 2255 motion, he claimed (1) Counsel performance was ineffective for failure to adequately explain the fundamental nature of one of his charges; (2) providing incorrect legal advice regarding the interstate Agreement on detainers Act(IADA); (3) not providing a realistic assessment of the evidence and the likelihood he would be convicted; and (4) failure to properly explain or make recommendations regarding a Rule 11(c)(1)(C) agreement offered by the prosecution.

While movant's motion was pending, the Eighth Circuit Court of Appeals had decided United States v. Guyton, 144 F.4th 449 (8th Cir. 2025); United States v. Tooley, 155 F.4th 883(8th Cir. 10.23.2025); Solis-Flores v. Bondi, 2025 U.S. App. Lexis 29699(8th Cir. 6.3.2025). The Eighth Circuit concluded that Congress intended that Knowledge rather than knowingly was the prerequisite element for criminal intent under 21 U.S.C. 841 Drug Trafficking Statute and 18 U.S.C. 1956-9 RICO Activities Statute, and that the Court was required to instruct the jury on the mens rea element of knowledge and that the government had the burden of proving knowledge to the jury beyond a reasonable doubt to establish movant's guilt or innocence. United States v. Vavic, 139 F.4th 1(8th Cir. 2025): United States v. Clark, 140 F.4th 395(8th Cir. 2025). That knowingly was not sufficient to satisfy the criminal intent element. Movant's counsel did not inform him nor did he object and move the court for a cautionary jury instruction on the knowledge requirement or mens rea element, but relied on the misstated version of the law used for the last decade by this court and others under 21 U.S.C. 841 charges, as stated in United States v. McGuire, 151 F.4th 307(8th Cir. 2025) and United States v. Duldulao, 87 F.4th 1239(11th Cir. 2023). These cases are relevant to movant's Ground one; ineffective assistance of counsel claim. Movant nor the district court had the benefit of Guyton, Tooley or Bondi during his 2255 proceeding for consideration in determining the merits of his claim.

TRULINCS  32531009 - MILLSAP, MARCUS O - Unit: COP-A-A

------------------------------------------------------------------------------------------------

Claim (4) Counsel failed to explain or make recommendations regarding a Rule 11(c)(1)(C) agreement offered by the prosecution. Had the movant had the benefit of Guyton, Tooley or Bondi during his 2255 motion proceeding, he could have included in his claim that; due to the United States failure to charge knowledge or mens rea requirement, such defect could have justified a negotiated lesser sentence plea deal as determined by the Supreme Court in Lafler v. Cooper, 566 U.S. 156, 164 (2012): Missouri v. Frye, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379(2012).

But because movant did not have the benefit of Guyton, Tooley or Bondi during the preparation of his 2255 motion, and the district court was under the predated Circuit precedent misstating the law under 21 U.S.C. 841 for decades in explaining and deciding cases of similar nature on knowingly element, movant's 2255 misrepresented his issues and the Court was not clear on the issues intended to be presented. Therefore, movant was under a misstatement of the legal requirement of 21 U.S.C. 841. In Duldulao, 87 F.4th 1239(11th Cir. 2023), the Eleventh Circuit Court of Appeals stated, "The responsibility is ours: over the past decades, we repeatedly, in published opinions, upheld jury instructions that misstated the mens rea requirement under 21 U.S.C. 841. See, e.g. Tobin, 676 F.3d at 1282-83; Merrili, 513 F.3d at 1305 at 1305; Williams, 445 F. 3d at 1309-10.

With the benefit of Guyton, Tooley and Bondi at the time of his 2255 preparation and consideration of the court's decision, movant could have withdrew and amended his 2255 motion and cured the defects in his presentation of the issues intended to be raised in his motion. However, this Court failed to provide him with the Castro warning. Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778(2003), the Supreme Court declared that, "When a district court recharacterizes a pro se litigant's motion as a first 2255 motion, the court must notify the litigant, warn him that any subsequent 2255 motion will be subject to the restrictions on "second or Successive" motions, and provide the litigant with an opportunity to withdraw or amend the motion. 540 U.S. at 383. If the court fails to do so, the motion cannot be considered to have become a 2255 motion for purposes of applying to later motions the law's second or successive restrictions."

Movant contends that he neglected to properly raise his claims because he did not have the benefit of Guyton, Tooley or Bondi at the time of preparation of his motion. Had these cases been available to him at that time, he would not have neglected and would have used them as authority and law for the issues he raised in the proper context in challenging his 21 U.S.C. 841 conviction and sentence in his 2255 motion, and other criminal statutes charged in his indictment, where this court relied on knowingly element to instruct the jury and not the knowledge requirement. But movant was prejudiced because he nor the court had the benefit of considering the proper merits of his claims as clarified by Circuit precedent. Therefore, this court should have provided movant with the Castro warning before it denied his motion on the merits. United States v. Fletcher, 2016 U.S. Dist. Lexis 42573(D. Neb. Minn. 2016): Farmer v. United States, 2025 U.S. Dist. Lexis

----------------------------------------------------------------------------------------

152876(D. Ark. 2025). Absent such warning, movant will be forced to appeal frivolous issues subjecting him to a second or successive motion restricted by the one year statutory limitation period under the AEDPA of 1996, where he cannot make a prima facie showing under 28 U.S.C. 2244(h). And he maybe imprisoned for many more years without the proper remedy to challenge the erroneous jury instructions on post-conviction, where such instruction is a judicial travesty and poisons the public confidence in the judicial process. Therefore, to prevent an injustice, this court should consider these extraordinary circumstances to correct this wrong. See District Court's 2255 denial ordered entered on March 13, 2026, attached Exhibit "A".

In United States v. Schuster, No. 24-2942(3rd Cir. 2026), a case that was decided after his initial 2255 motion was filed. The Third Circuit stated that, in a plea case, the court had a duty to inform the defendant of the essential elements of a real crime. However, where the defendant was not instructed as to the mens rea element or knowledge (intent) under the statute was absent, he had pled guilty to an act that was not a crime. Here, in this case, movant's jury was not instructed that the government had to prove beyond a reasonable doubt that he had mens rea or knowledge in the jury instruction to establish his intent to violate Title 18 U.S.C. 1956-9(a) nor his 21 U.S.C. 841 charges under the laws of the United States.

This case supports the facts that if his 2255 motion was amended and properly filed, his motion would have had merits sufficient enough to establish his innocence.

Therefore, extraordinary circumstances exist for this court to vacate its denial order entered on March 13, 2026 denying his 2255 motion to prevent an injustice and cause him to be subject to the one year statutory limitation period of the AEDPA of 1996, as his defaulted claims would not be a prima facie showing for the Eighth Circuit Court of Appeals to grant permission to file a second or successive 2255 motion under 28 U.S.C. 2244(h). These issues are only available on his initial 2255 motion. And to fail to allow movant to withdraw and amend his motion to properly present his claims, would undermine the public's confidence in the judicial process.

## CONCLUSION

Wherefore, as stated above, movant moves this hon. district court to vacate its order denying his 2255 motion to vacate and grant him relief from judgment, as the interest of justice would best be served. United States v. Tenerelli, 2011 U.S.Dist. Lexis 98876(8th Cir. 2011).

## CERTIFICATE OF SERVICE

I, Marcus O. Millsap # 32531-009, do certify and verify under the penalty of perjury that a true and correct copy of the foregoing was mailed on this 8th day of may, 2026 to the following parties:

TRULINCS  32531009 - MILLSAP, MARCUS O - Unit: COP-A-A

-------------------------------------------------------------------------------------------

United States Attorneys Office

Liza Brown

Stephanie Mazzanti

P.O. Box 1229

Little Rock, Arkansas 72203

Respectfully,

*Marcus O. Millsap*

Marcus O. Millsap

#23531-009

United States Penitentiary Coleman I

P.O. Box 1033

Coleman, Florida 33521